## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| STEPHANIE E. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 3:23-CV-00795 |
| vs. | ) |
| | ) |
| SOCIAL COACHING-CREDIT REPAIR, LLC | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S, SOCIAL COACHING-CREDIT REPAIR, LLC, BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

Comes now, Defendant, SOCIAL COACHING-CREDIT REPAIR, LLC (hereinafter referred to as "Social Coaching-Credit Repair" and/or "Defendant"), by counsel, Tolbert & Tolbert LLC, and files its Brief in Support of Motion for Partial Dismissal of the Plaintiff's Complaint pursuant to Federal Civil Rule of Procedure 12(b)(6) and states as follows:

### I. FACTS

**A. Background**

Social Coaching-Credit Repair is a credit repair organization offering services to consumers for the purpose of repairing their credit. [*See* Docket Entry 1, Plaintiff's Complaint, ¶5.] In October of 2021, Plaintiff contacted Social Coaching-Credit Repair about the nature of its services and ultimately entered into a written agreement with Defendant. [*See* Docket Entry 1, Plaintiff's Complaint, ¶¶8 and 12.] Social Coaching-Credit Repair began assisting Plaintiff by disputing inaccurate information contained in the Plaintiff's credit report. [*See* Docket Entry 1, Plaintiff's Complaint, ¶9.] Plaintiff claimed, without any factual support, that Social Coaching-Credit Repair represented that it would dispute all negative items on a consumers' credit report,

1

regardless of its accuracy. [*See* Docket Entry 1, Plaintiff's Complaint, ¶11.] Plaintiff alleged that Social Coaching-Credit Repair told her that Plaintiff's credit would improve, and information on her credit report would be disputed and removed. [*See* Docket Entry 1, Plaintiff's Complaint, ¶9.] Plaintiff also claimed, in a conclusory fashion, that Social Coaching-Credit Repair represented that its services would lead to Plaintiff to be able to purchase a home. [*See* Docket Entry 1, Plaintiff's Complaint, ¶10.] Plaintiff alleged that Social Coaching-Credit Repair failed to deliver the results represented or otherwise improve Plaintiff's credit in the manner represented. [*See* Docket Entry 1, Plaintiff's Complaint, ¶15.]

  **B. Theories of Relief Alleged**

  **1. §1679(b)(a)(3) and (4) of the Credit Repair Organizations Act**

The Plaintiff alleged in her Complaint that §1679b(a)(3) of the Credit Repair Organizations Act ("CROA") prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." [*See* Docket Entry 1, Plaintiff's Complaint, ¶23.] The Plaintiff claimed that Social Coaching-Credit Repair violated §1679(b)(a)(3) under the CROA through its misrepresentations and deception as to the credit repair services it could provide the Plaintiff. [*See* Docket Entry 1, Plaintiff's Complaint, ¶24.] The Plaintiff claimed that Social Coaching-Credit Repair said her credit score would improve and that she would be able to buy a home. [*Id.*] It was alleged that Social Coaching-Credit Repair failed to follow through on its guarantees or delivered improvement to Plaintiff's credit. [*Id.*]

The Plaintiff claimed that §1679b(a)(4) of the CROA prohibited any person from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization." [*See* Docket

2

Entry 1, Plaintiff's Complaint, ¶23.] The Plaintiff claimed that Social Coaching-Credit Repair violated §1679(b)(a)(4) of the CROA by challenging any information appearing on a consumers' credit report, regardless of its accuracy. [*See* Docket Entry 1, Plaintiff's Complaint, ¶25.] The Plaintiff alleged that Social Coaching-Credit Repair is charging consumers for disputes that are not reasonably calculated to lead to the removal of information from consumers' credit. [*Id.*]

### 2. I.C. §24-5-15-5(4) of the Indiana Credit Services Organizations Act

It is alleged in the Plaintiff's Complaint that §24-5-15-5(4) of the Indiana Credit Services Organizations Act ("ICSOA") prohibits a credit services organization from making or using "a false or misleading representation in an offer to sell or a sale of the services of a credit services organization." [*See* Docket Entry 1, Plaintiff's Complaint, ¶37.] The Plaintiff broadly claimed that Social Coaching-Credit Repair violated I.C. §24-5-15-5(4) of the ICSOA in much the same way it violated §1679(b)(a)(3) and (4) of the Credit Repair Organizations Act. [*See* Docket Entry 1, Plaintiff's Complaint, ¶38.]

### 3. The Indiana Deceptive Consumer Sales Act

The Plaintiff claimed that I.C. §24-5-0.5-3(a) of the Indiana Deceptive Consumer Sales Act ("IDCSA") forbids a supplier from committing an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. [*See* Docket Entry 1, Plaintiff's Complaint, ¶47.] The Plaintiff states in her Complaint that deceptive acts include representing that such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or reasonably should know it does not have and that such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. [*Id.*] The Plaintiff generally alleged that Social Coaching-Credit Repair violated the IDCSA

in much the same way its conduct violated the provisions of the CROA and ICSOA. [*See* Docket Entry 1, Plaintiff's Complaint, ¶48.] The Plaintiff went on to claim, without any factual support, that Social Coaching-Credit Repair's conduct is part of a scheme, artifice, and device with intent to defraud Plaintiff given the extent to which Defendant intentionally misrepresented the nature and efficacy of its services. [*Id.*]

For the reasons set forth below, the Plaintiff's fraud claims under §1679(b)(a)(3) and (4) of the Credit Repair Organizations Act, I.C. §24-5-15-5(4) of the Indiana Credit Services Organizations Act, and the Indiana Deceptive Consumer Sales Act should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL ARGUMENT

### A. Legal Standard

A plaintiff is obligated to provide the grounds of his entitlement to relief. Fed. Rules Civ. Proc. Rule 12(b)(6); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  Mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.' " *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008) (emphasis in original).

>    B. **The Plaintiff's Fraud Claims Under the Credit Repair Organizations Act, Indiana Credit Services Organizations Act, and the Indiana Deceptive Consumer Sales Act Should Be Dismissed Because the Plaintiff Failed to Satisfy the Particularity Requirements Found under Federal Rule of Civil Procedure 9(b).**

Plaintiff's claims that are "premised upon a course of fraudulent conduct," are subject to the heightened pleading standard of Rule 9(b). *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). Federal Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." *See* Fed. R. Civ. P. 9(b). The circumstances of fraud or mistake include the "identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir.2008); *see also Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 923 (7th Cir.1992) (describing Rule 9(b) particularity as the "who, what, where, when and how" of the alleged fraud). Thus, "[a] plaintiff claiming fraud or mistake must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

The particularity requirement of Federal Rule 9(b) serves an important purpose. Accusations of fraud can seriously harm a business. Federal Rule 9(b) ensures that a plaintiff have some basis for his accusations of fraud before making those accusations and thus discourages people from including such accusations in complaints simply to gain leverage for settlement or for other ulterior purposes. *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).

>    1. **Plaintiff's First Fraud Allegation Made Against Social Coaching-Credit Repair**

The Plaintiff made two separate allegations rooted in fraud against Social Coaching-Credit Repair in her Complaint. The Plaintiff claimed that Social Coaching-Credit Repair represented that her credit score would improve and she would be able to purchase a home. [*See* Docket Entry 1, Plaintiff's Complaint, ¶24.] The Plaintiff alleged that this statement violated §1679b(a)(3) of the CROA, I.C. §24-5-15-5(4) of the ICSOA, and the IDCSA because Social Coaching-Credit Repair failed to follow through on its promises or deliver the represented improvement to Plaintiff's credit. [*See* Docket Entry 1, Plaintiff's Complaint, ¶¶24, 38, and 48.] However, this accusation failed to satisfy the heightened pleading standard found in Federal Rule 9(b).

The CROA prohibits any person from making or using any untrue or misleading representation of the services of the credit repair organization. *See* 15 U.S.C. §1679b(a)(3). The ICSOA prohibits a credit services organization from making or using a false or misleading representation in an offer to sell or a sale of the services of a credit services organization. *See* I.C. §24-5-15-5(4). The IDCSA forbids a supplier from committing an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. *See* I.C. §24-5-0.5-3(a).

The Plaintiff did not describe with particularity the who, what, where, when and how of this alleged fraud. The Complaint is void of the identity of the person from Social Coaching-Credit Repair who allegedly told the Plaintiff that her credit score would improve and that she would be able to purchase a home. The Plaintiff did not state any facts in her Complaint showing when this alleged statement was made and where this purported conversation occurred. The Plaintiff did not even bother describing with particularity the specific content of the claimed misrepresentation and how the statement was communicated to the Plaintiff. Interestingly, the Plaintiff failed to provide any facts in her Complaint showing the specific ways in which Social Coaching-Credit Repair allegedly failed to follow through on its promises or deliver the

represented improvement to Plaintiff's credit. This alleged, conclusory statement by an unknown individual from Social Coaching-Credit Repair is not enough to satisfy the particularity requirements of Rule 9(b). For that reason, the Plaintiff's fraud claims under the CROA, ICSOA, and IDCSA based on the above-referenced statement should be dismissed. *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (where the Seventh Circuit found that the district court properly dismissed the plaintiff's fraud conspiracy claim where the plaintiffs offered none of the critical details regarding the alleged fraud.)

For the reasons stated above, the Plaintiff's fraud claims under §1679(b)(a)(3) and (4) of the Credit Repair Organizations Act**,** I.C. §24-5-15-5(4) of the Indiana Credit Services Organizations Act, and the Indiana Deceptive Consumer Sales Act should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**2. Plaintiff's Second Fraud Allegation Made Against Social Coaching-Credit Repair**

The Plaintiff alleged in her Complaint that Social Coaching-Credit Repair violated §1679(b)(a)(4) of the CROA, I.C. §24-5-15-5(4) of the ICSOA, and the IDCSA by challenging any information on a consumers' credit report, regardless of its accuracy. [*See* Docket Entry 1, Plaintiff's Complaint, ¶25.] The Plaintiff claimed that this is a form of deception that allowed Social Coaching-Credit Repair to charge consumers for disputes that would likely not be removed from consumers' credit. [*Id.*] This allegation does not rise to the particularity standard found in Federal Rule of Civil Procedure 9(b).

The CROA prohibits any person from engaging, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization. *See* 15 U.S.C. §1679b(a)(4).

The Plaintiff's Complaint is void of any facts showing that Social Coaching-Credit Repair challenged any information in her credit report with any particularity as required by Federal Rule 9(b).  Instead, the Plaintiff generally alleges that the Defendant disputes information on consumers' credit reports, which does not satisfy the particularity requirements of Federal Rule 9(b).  For that reason alone, the Court should dismiss this claim because the Plaintiff did not identify any facts showing that she was personally affected by this alleged fraud. *See Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d at 924 (where the Seventh Circuit found that the purpose of Federal Rule 9(b)'s particularity requirement would be disserved if the plaintiff is allowed to maintain its fraud claim based on flimsy accusations that are nothing more than a ploy to seriously harm a business and to gain leverage for settlement.)

The Plaintiff failed to name the person from Social Coaching-Credit Repair that allegedly disputed accurate information, when these disputes of accurate information happened, and where it all took place. Federal Rule 9(b) requires the plaintiff to state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).  The Plaintiff neglected to provide any specific facts showing that Social Coaching-Credit Repair disputed accurate information in her credit report. Therefore, the Plaintiff's claims under §1679(b)(a)(4) of the CROA, I.C. §24-5-15-5(4) of the ICSOA, and the IDCSA based on the broad allegation that Social Coaching-Credit Repair disputed accurate information in consumers' credit reports the Defendant knew would not be removed should be dismissed.

For the reasons stated above, the Plaintiff's fraud claims under §1679(b)(a)(3) and (4) of the Credit Repair Organizations Act**,** I.C. §24-5-15-5(4) of the Indiana Credit Services

Organizations Act, and the Indiana Deceptive Consumer Sales Act should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.  CONCLUSION

For the reasons stated above, the Defendant respectfully requests that this Court grant its Motion for Partial Dismissal of the Plaintiff's Complaint and find that the Plaintiff's fraud claims under §1679(b)(a)(3) and (4) of the Credit Repair Organizations Act, I.C. §24-5-15-5(4) of the Indiana Credit Services Organizations Act, and the Indiana Deceptive Consumer Sales Act should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**TOLBERT & TOLBERT LLC**

*/s/Shelice R. Tolbert*
Shelice R. Tolbert, #22522-45
Candace C. Dickson, #34257-45
1085 Broadway, Ste. B
Gary, IN  46402
Ph:  219-427-0094
Fx:  219-427-0783
stolbert@tolbertlegal.com
cdickson@tolbertlegal.com

### CERTIFICATE OF SERVICE

I certify that on the 1st day of November 2023, service of a true, correct and complete copy of the foregoing pleading and/or paper was made upon all counsel of record via email only to:

Nathan C. Volheim, # 6302103
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, IL 60148
Phone:  (630) 568-3056
Fax:     (630) 575-8188
nvolheim@suliamanla.com

9

*/s/Shelice R. Tolbert*
Shelice R. Tolbert, # 22522-45
Candace C. Dickson, #34257-45