UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHANIE E. MOORE,

   Plaintiff,

v.            CAUSE NO. 3:23cv795 DRL-MGG

SOCIAL COACHING-CREDIT REPAIR, LLC,

   Defendant.

OPINION AND ORDER

  Stephanie Moore claims that Social Coaching-Credit Repair, LLC, a credit repair organization (CRO), induced her to purchase services by misrepresenting the company's effectiveness and capabilities. She also says Social Coaching sought payment early and failed to comply with disclosure requirements imposed on CROs by state and federal law. Social Coaching asks the court to dismiss just her misrepresentation claim under Federal Rule of Civil Procedure 12(b)(6). The court denies the motion.

BACKGROUND

  Taking the allegations in Ms. Moore's amended complaint as true, as the court must for today's motion, the following facts emerge. In late 2021, Ms. Moore was interested in improving her credit score so that she could qualify for a loan to purchase a home [16 ¶ 8]. In October 2021, she spoke by telephone with Social Coaching about its services [*id.*].

  Social Coaching told her that her credit score would improve and that it would dispute and help remove certain information on her credit report, without regard to whether the information might be accurate or valid [*id.* ¶¶ 9-11, 33]. Social Coaching represented that a specific credit card account would be removed [*id.* ¶¶ 12, 32], and that by using its services for a period of months, her credit would improve to the point that she would be able to purchase a home [*id.* ¶¶ 10, 15, 31]. Social Coaching represented

to Ms. Moore that it would be able to remove information from her credit history that it knew it could not—leveraging her goal of buying a home to induce her to engage its services [*id.* ¶¶ 31-32].

This convinced Ms. Moore, and she paid Social Coaching approximately $110 per month for approximately seven months [*id.* ¶¶ 13, 15], payments that Social Coaching accepted before completing its promised services [*id.* ¶¶ 14, 35]. Social Coaching did not provide Ms. Moore with a written disclosure document before agreeing to provide credit repair services to her, nor did it execute a written contract with her [*id.* ¶¶ 37, 39].[1]

Though Social Coaching disputed items on her behalf, these disputes bore no fruit and had no effect on her credit score [*id.* ¶¶ 16, 19]. Seeing no improvements to her credit within seven months—within the time frame Social Coaching told Ms. Moore she would be able to qualify to purchase a home, she cancelled her subscription [*id.* ¶¶ 15, 23-24]. She was not refunded her payments [*id.*].

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to

---

[1] Social Coaching attaches a written agreement with its briefing, but the court generally may not consider documents outside the complaint on a motion to dismiss. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Ms. Moore does not allege that there was a written agreement. She seems to allege the opposite, though she never contests in briefing that she signed this agreement. That said, considering the agreement today on the sole issue of particularity tends to help her.

survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## DISCUSSION

The Credit Repair Organizations Act (CROA) provides that no person may "make or use any untrue or misleading representation of the services of the [CRO]" or "engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the [CRO]." 15 U.S.C. §§ 1679b(a)(3), (a)(4). The Indiana Credit Services Organization Act (ICSOA), in parallel fashion, prohibits CROs from making or using "a false or misleading representation in an offer to sell or a sale of the services of a credit services organization," Ind. Code § 24-5-15-5(4). The Indiana Deceptive Consumer Sales Act (IDCSA) prohibits suppliers from committing "an unfair, abusive, or deceptive act," which includes "representations as to the subject matter of a consumer transaction" that it "has . . . performance, characteristics, uses or benefits it does not have that the supplier knows or should reasonably know it does not have." Ind. Code §§ 24-5-0.5-3(a), (b)(1).

Ms. Moore alleges Social Coaching engaged in deceptive or misleading conduct under these three statutes. Social Coaching argues that Ms. Moore's allegations are insufficient under Rule 9(b), which prescribes a heightened pleading standard for fraud allegations. Ms. Moore argues that Rule 9(b) does not apply to her claims and that her pleadings meet that heightened standard even if it does apply.

Rule 9(b) applies to "averments of fraud," meaning the rule does not require a fraud claim *per se*, such that even a claim that "sounds in fraud" or one "premised upon a course of fraudulent conduct" can trigger Rule 9(b)'s heightened pleading requirements. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d

3

502, 507 (7th Cir. 2007). Courts apply Rule 9(b) to IDCSA claims based on fraud, *see McKinney v. State*, 693 N.E.2d 65, 71 (Ind. 1998); *Walkowiak v. Bridgepoint Educ., Inc.*, 2017 U.S. Dist. LEXIS 85597, 3-4 (N.D. Ind. June 5, 2017), split on whether to do so with CROA claims, and leave unaddressed to date whether to do so for ICSOA claims. The court assumes, without deciding today, that Rule 9(b) applies to each statute because, even so, Ms. Moore's pleading satisfies the standard.

Rule 9(b) demands that a pleading identify "the who, what, when, where, and how" of fraud. *United States v. Molina Healthcare of Ill., Inc.*, 17 F.4th 733, 739 (7th Cir. 2021); *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). The rule serves three purposes: "(1) protecting a defendant's reputation from harm; (2) minimizing strike suits and fishing expeditions; and (3) providing notice of the claim to the adverse party." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (quotations omitted). The particularity requirement relaxes when a plaintiff "lacks access to all facts necessary to detail [her] claim." *Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1051 (7th Cir. 1998).

Ms. Moore alleges three false or deceptive statements from Social Coaching: (1) that her credit score would improve enough that she would be able to afford a home within months, (2) that Social Coaching would remove a specific credit card account from her report, and (3) that information would be removed from her report regardless of accuracy. Without commenting on whether these promises of future conduct constitute the type of fraud or deception prohibited by these three statutes, the amended complaint spells out the nature and content of each misrepresentation, even if not precisely quoted. This particularizes the pleading as to the "what."

Ms. Moore alleges that each event occurred in (or around) October 2021. The day or a smaller timeframe than a month may be the better practice, and might be required in other contexts; but for events that occurred more than two years ago this may be all the particularity that the circumstances permit. A precise month can be sufficient, *see Costa v. Mauro Chevrolet, Inc.*, 390 F. Supp.2d 720, 724, 728 (N.D. Ill. 2005) ("May 2002" sufficiently particular under Rule 9(b)); *Gaudi v. Potestivo Appraisal Servs.*, 837

F. Supp.2d 799, 804 (N.D. Ill. 2011) ("May 2006" and "September 2006" satisfied rule 9(b)), and Social Coaching submits a contract that it believes Ms. Moore signed on October 27, 2021 so as to cabin the timeframe even more. The amended complaint thus offers particularity as to "when."

Ms. Moore alleges that she spoke with a Social Coaching representative (located under the pleading and contract in Crown Point, Indiana) while she was near Michigan City, Indiana, and she did so by telephone—thereby providing particularity as to the "where" and "how." *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) ("method by which the misrepresentation was communicated to the plaintiff.").

The amended complaint omits the precise name of the individual who made the representations; but identifying that it was in fact a company representative, given the other specific details, should permit Social Coaching to identify the person or winnow the candidates based on telephone, payroll, or other employment records. Nothing indicates that Ms. Moore was provided a name during the call, nor would this be altogether common, so this allegation offers as much particularity as the circumstances permit for information otherwise in the company's control. *See Corley*, 142 F.3d at 1051; *see, e.g., Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp.2d 885, 897 (N.D. Ill. 2009) (holding that plaintiff did not need to specify the exact individual who added false information to a loan application).

Rule 9(b) requires nothing more here—including a specific identification of information in her credit report that Social Coaching disputed. Ms. Moore has met her burden under the heightened pleading standards of Rule 9(b) and has put Social Coaching on fair notice to prepare a defense.

## CONCLUSION

Accordingly, the court DENIES the partial motion to dismiss [19].

SO ORDERED.

May 1, 2024                                           *s/ Damon R. Leichty*
                                                      Judge, United States District Court